**WRENN BENDER  LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California  92614
Telephone.: (949) 202-5810
Facsimile:   (949) 679-7939
E-Mail:      amckown@wrennbender.com
             pzecchini@wrennbender.com
             gtrimarche@wrennbender.com

Attorneys for Defendant
GODADDY.COM, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>GODADDY.COM, INC., a Delaware corporation; GODADDY.COM, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. CV13-08458-ABC (CW)<br><br>**DEFENDANT GODADDY.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>[Federal Rules of Civil Procedure 12(b)(6) and 12(f)]<br><br>Hearing<br>Date:         February 24, 2014<br>Time:         10:00 a.m.<br>Location:     Courtroom 680 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 24, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Audrey B. Collins in Courtroom 680 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, Defendant GoDaddy.com, LLC ("GoDaddy") will, and hereby does, move this Court for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the following twelve domain names from the First Amended Complaint of Plaintiff Academy of Motion Pictures Arts and Sciences ("AMPAS"), filed on December 17, 2013:  alloscar.com, oscarcap.com, oscar-o.com, oscar-o.info, oscar-w.com, nominatedbyoscar.com, nominatedbyoscar.net, nominatatedbyoscar.org, oscarsfilm.com, twooscars.com, oscarmonline.com, and nightatoscars.com.

As more fully explained in the accompanying Memorandum of Points and Authorities, this Motion is made on the grounds that these domain names are not identical or confusingly similar to AMPAS' marks as a matter of law and thus, AMPAS fail to state a claim for relief against GoDaddy for these domain names as required by Federal Rule of Civil Procedure 12(b)(6).

GoDaddy also moves to strike AMPAS' request for restitution, attorneys' fees, and pre and post-judgment interest contained in Cause of Action Nos. Two and Three in the First Amended Complaint, as well as in the Prayer for Relief, pursuant to Federal Rule of Civil Procedure 12(f).  This Motion is made on the grounds that the First Amended Complaint fails to allege facts entitling AMPAS to restitution; namely, that AMPAS lost any money or property to GoDaddy.  Without alleging a viable basis for restitution, AMPAS also cannot recover pre or post-judgment interest.  Similarly, California law does not recognize the recovery of damages or attorneys' fees under Section 17200.  As such, the relief requested is immaterial and impertinent and thus, should be stricken, which includes the following:

-   Paragraph 60 in its entirety (improperly seeks damages);

- Paragraph 64 in its entirety (requests restitution for monies wrongfully obtained from AMPAS but no factual allegations that AMPAS paid any such monies to GoDaddy so as to trigger restitution);
- Paragraph 69 in its entirety (same as Paragraph 64);
- Request for Relief Paragraph (e)(2) (same as Paragraph 64);
- Request for Relief Paragraph (e)(3) (same as Paragraph 64; without right to recover restitution, no ability to recover pre or post-judgment interest);
- Request for Relief Paragraph (e)(4) (attorneys' fees are not recoverable under the UCL and thus, are not "provided by law" as requested).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in the action, all other matters of which the Court may take judicial notice, and such other and further matters as may be presented to the Court at, or in connection with, the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, during which the parties met and conferred "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  Specifically, the parties' counsel conferred in writing on December 30, 2010 and telephonically on January 14, 2014.

Dated:  January 27, 2014

**WRENN BENDER LLLP**

By:  _/s/ Aaron M. McKown_

Aaron M. McKown
Attorneys for Defendants
GODADDY.COM, LLC

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** .......................................1

**I.    INTRODUCTION** ..................................................................................1

**II.   THE COURT SHOULD DISMISS 12 DOMAIN NAMES BECAUSE NONE ARE CONFUSINGLY SIMILAR TO AMPAS' MARKS AS A MATTER OF LAW** ..........................................................................................2

   A.   "CONFUSINGLY SIMILAR" STANDARD .............................................2

   B.   THIS COURT ALREADY DETERMINED THAT PERSONAL NAMES ARE NOT CONFUSINGLY SIMILAR TO AMPAS' MARKS AS A MATTER OF LAW.................3

   C.   ADDITIONAL WORDS RENDER DOMAIN NAMES DISSIMILAR IN SIGHT, SOUND, AND MEANING AS A MATTER OF LAW .................................................4

**III.  THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE PURSUANT TO RULE 12(F) BECAUSE AMPAS FAILS TO ALLEGE AN ENTITLEMENT TO RESTITUTION UNDER THE UCL** .............................6

   A.   STANDARD....................................................................................6

   B.   AMPAS HAS FAILED TO STATE FACTS THAT WOULD PERMIT RESTITUTION UNDER THE UCL .................................................................................7

   C.   ATTORNEYS' FEES ARE NOT RECOVERABLE UNDER THE UCL .........................8

**IV.  CONCLUSION** ..................................................................................10

i

# TABLE OF AUTHORITIES

## CASES

*Bea v. Southwest Airlines Co.*,
  2005 WL 646074 (N.D. Cal. 2005) ---------------------------------------------- 9

*Bosley Medical Inst., Inc. v. Kremer*,
  403 F.3d 672 (9th Cir. 2005) ------------------------------------------------- 2

*California Service Station Etc. Assn. v. Union Oil Co.*,
  232 Cal.App.3d 44 ----------------------------------------------------------- 9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
  20 Cal.4th 163 --------------------------------------------------------------- 8

*Citizens for Humanity v. Costco Wholesale Corporation*,
  171 Cal. App. 4th at 22 (2009) ---------------------------------------------- 7

*Corrarrubias v. Allstate Ins. Co.*,
  1998 WL 656571 (C.D. Cal. 1998) -------------------------------------------- 8, 9

*Ford Motor Co. v. Greatdomains.Com, Inc.*,
  177 F. Supp. 2d 635, n. 3 --------------------------------------------------- 3

*Heighly v. J.C. Penny Life Ins. Co.*,
  257 F.Supp.2d 1241 (C.D. Cal. 2003) ----------------------------------------- 8

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ---------------------------------------------------- 7, 8

*Lee Myles Assoc. Corp. v. Paul Rubke Enters., Inc.*,
  577 F. Supp. 2d 1134 (S.D. Cal. 2008) -------------------------------------- 7

*Omega, S.A. v. Omega Engineering, Inc.*,
  228 F.Supp.2d 112 (D. Conn. 2002) ------------------------------------------ 3

*Osei v. Countrywide Home Loans*,
  692 F.Supp.2d 1240 (E.D. Cal. 2010) ---------------------------------------- 8, 9

*Sporty's Farm, LLC v. Sportsman's Market, Inc.*,

   202 F.3d 489 (2d Cir. 2000) ------------------------------------------------ 2

*State of Cal. v. United States*,

   512 F. Supp. 36 (N.D. Cal. 1981)----------------------------------------- 6

*Walker v. Countrywide Home Loans, Inc.*,

   98 Cal.App.4th 1158---------------------------------------------------- 9

STATUTES

15 U.S.C. § 1125(d) --------------------------------------------------- 2

15 U.S.C. § 1125(d)(1)(A)--------------------------------------------- 2

Cal. Bus. & Prof. Code § 17200 ------------------------------------ 1, 9

Cal. Bus. & Prof. Code § 17203 -------------------------------------- 9

RULES

Fed. R. Civ. Proc. 12(b)(6) ------------------------------------------ 10

Fed. R. Civ. Proc. 12(f) ------------------------------------------- 6, 10

TREATISES

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION (4th ed. 2004) ------------- 3

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS") filed this second lawsuit against Defendant GoDaddy.com, LLC ("GoDaddy") in which it alleges that GoDaddy has used or trafficked in 107 domain names with a bad faith intent to profit from AMPAS' marks.  Twelve of the domain names, however, are not confusingly similar to AMPAS' trademarks as a matter of law; they should be excluded from this lawsuit.

On March 14, 2013, GoDaddy filed a motion for partial summary judgment in the first lawsuit filed by AMPAS, CV10 3738 ABC (CWx), arguing, *inter alia*, that many of the domain names identified were not confusingly similar to AMPAS' marks, including domain names that reflected a personal name.  On June 24, 2013, this Court granted GoDaddy's motion in part.  Specifically, the Court held that "a domain name that is clearly a person's proper name is not confusingly similar to the Academy's marks."  Here, each of the twelve domain names refers to the proper name "Oscar".  Consequently, they cannot be confusingly similar to AMPAS' marks as a matter of law.  Indeed, not only are the domain names a person's proper name, but nine of the twelve domain names contain additional words that render the each dissimilar in sight, sound, and meaning such that a reasonable consumer would not confuse the domain names with AMPAS' marks.  As such, each of these domain names should be dismissed.

In addition to its cybersquatting claim, AMPAS asserts a single claim for unfair and unlawful business practices in violation of California's Unfair Competition Law ("UCL"), codified at California Business & Professions Code section 17200, *et seq*.  AMPAS, however, seeks relief to which it is not entitled or that is expressly barred by the California Supreme Court.  Although AMPAS seeks "an order requiring GoDaddy to make full restitution of all monies it has wrongfully obtained from Plaintiff," AMPAS fails to allege any facts entitling it to

1

restitutionary relief.  FAC, ¶¶ 64, 69.  Specifically, AMPAS has failed to allege facts that, if true, would support a finding that it paid money or otherwise transferred property to GoDaddy as a result of GoDaddy's allegedly wrongful acts.  Absent such factual allegations, AMPAS is not entitled to restitution.  The fact that restitution may be a viable remedy under the UCL does not change the fact that AMPAS has failed to allege facts warranting such relief and thus, its request for restitution and pre- and post-judgment interest are immaterial and impertinent to the claims and issues in this case.

AMPAS' demand for attorneys' fees under the UCL should similarly be stricken.  Both state and federal courts courts, including this one, have definitively ruled that attorneys' fees are not recoverable under the UCL.

## II. THE COURT SHOULD DISMISS 12 DOMAIN NAMES BECAUSE NONE ARE CONFUSINGLY SIMILAR TO AMPAS' MARKS AS A MATTER OF LAW

One of the requisite elements for a claim under the Anticybersquatting Consumer Protection Act, 15 U.S.C. section 1125(d) ("ACPA"), is that the domain name must be identical or confusingly similar to the mark at issue.  *See* 15 U.S.C. § 1125(d)(1)(A); *Bosley Medical Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. 2005).   None of the twelve challenged domain names are identical to AMPAS' OSCAR or ACADEMY AWARDS marks.  The only inquiry here is whether each of the twelve domain names is "confusingly similar."

### A.    "Confusingly Similar" Standard

As this Court previously recognized, "'[c]onfusingly similar' is a different standard from the 'likelihood of confusion' standard for trademark infringement." RFJN, Exh. A at 18:13-16 (quoting *Sporty's Farm, LLC v. Sportsman's Market, Inc.*, 202 F.3d 489, 498 n. 11 (2d Cir. 2000)).   "'In the cybersquatting context, 'confusing similarity' must simply mean that the plaintiff's mark and the defendant's domain name are so similar in sight, sound and meaning that they could

2

1  be confused'" by a reasonable consumer. *Id.* at 19:12-19 (quoting J. Thomas

2  McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:78 (4th ed.

3  2004)).  Where a domain name conveys a meaning different than that conjured by

4  the trademarks at issue, the domain name is not be confusingly similar based on the

5  difference in meaning.  *See Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F.

6  Supp. 2d 635, n. 3 (E.D. Mich. 2001).

7      While a Court is required to consider the sight, sound, and meaning of words

8  when determining whether a domain name is confusingly similar to a plaintiff's

9  mark under the ACPA, there is currently a split in authorities regarding whether a

10  court can consider the meaning of words in a domain name where those words

11  conjure up the goods and services of the parties.  *Compare id. with Omega, S.A.v.*

12  *Omega Engineering, Inc.*, 228 F.Supp.2d 112, 128 (D. Conn. 2002).   Although this

13  Court has taken the position that it may not consider the meaning of words where

14  those words relate to the parties' goods and services, the Court has recognized that

15  "there may be instances where the meaning of the words used in a domain name and

16  the meaning of a plaintiff's mark can be ascertained without regard to the parties'

17  actual goods or services . . . consistent with ACPA."  RFJN, Exh. A at 22:11-14.

18      **B.    This Court Already Determined That Personal Names Are Not**

19          **Confusingly Similar to AMPAS' Marks as a Matter of Law**

20      In ruling on GoDaddy's motion for partial summary judgment in the first suit

21  between the parties, the Court held that "a domain name that is clearly a person's

22  proper name is not confusingly similar to the Academy's marks."  RFJN, Exh. A at

23  23:27-28.  Here, all twelve of the domain names refer to the personal name Oscar

24  and thus, are not confusingly similar to AMPAS' marks as a matter of law.

25      Three of the domain names – oscar-o.com, oscar-o.info, oscar-w.com – are

26  nothing more than a first name followed by an initial.  In other words, these domain

27  names consist of nothing other than a proper name.  As such, they should each be

28  dismissed.

1    The remaining nine domain names, when read in context, clearly demonstrate

2    that the use of Oscar is in reference to a proper name.  For example, oscarmonline

3    clearly refers to the proper name Oscar M.  The same is true with respect to

4    alloscar.com, oscarcap.com, nominatedbyoscar.com, nominatedbyoscar.net,

5    nominatatedbyoscar.org, oscarsfilm.com, twooscars.com, and nightatoscars.com –

6    all of which objectively relate to the proper name Oscar as compared to AMPAS'

7    trademark.  Because the meaning of each of these domain names is nothing more

8    than a proper name, none of them can be confusingly similar to AMPAS' marks as a

9    matter of law.

10   **C.**     <u>**Additional Words Render Domain Names Dissimilar In Sight,**</u>

11           <u>**Sound, and Meaning as a Matter of Law**</u>

12   Not only do each of the challenged domain names relate to the proper name

13   Oscar, but nine of the twelve domain names contain additional words that render

14   them dissimilar in sight, sounds, *and* meaning to AMPAS' mark.  For example,

15   none of the nine domain names look similar in sight such that a person would

16   confuse the domain name with AMPAS' OSCAR mark:

17   | Domain Name | Trademark |
|---|---|
| alloscar.com | Oscar |
| nightatoscars.com | Oscar |
| nominatedbyoscar.com | Oscar |
| nominatedbyoscar.net | Oscar |
| nominatedbyoscar.org | Oscar |
| oscarcap.com | Oscar |
| oscarmonline.com | Oscar |
| oscarsfilm.com | Oscar |
| twooscars.com | Oscar |

27   Each of the domain names looks substantially different than the mark.  Each

28   contains substantive words that add no less than three and as many as eleven letters.

4

1 | Moreover, six of the nine domain names start with letters and words that differ from
2 | the mark at issue.  As such, none of these domain names are similar in sight.

3 | Nor are the domain names similar in sound.  Oscar is a two-syllable word,
4 | whereas each of the domain names has as little as three and as many as six syllables.
5 | Moreover, the addition of actual words changes the phonetics of each domain name.
6 | Thus, none of the nine domain names are similar in sound to AMPAS' mark.

7 | The same is true with respect to the meaning of these nine domain names.
8 | None of the domain names contain words that describe the goods or services of the
9 | registrant.  Rather, each of the words provide context to the overall meaning of the
10 | domain name.  For example, oscarmonline.com means just that – that "Oscar M" is
11 | online.  The meaning clearly has nothing to do with AMPAS and thus, renders the
12 | domain name entirely dissimilar from AMPAS' OSCAR trademark.

13 | The three domain names – nominatedbyoscar.com, nominatedbyoscar.net,
14 | and nominatedbyoscar.org – all mean that something or someone was nominated by
15 | a person named Oscar.  Again, the inclusion of these additional words conveys a
16 | meaning different than that conjured by the trademarks at issue.  As such, the
17 | domain name cannot be confusingly similar to AMPAS' marks based on the
18 | difference in meaning.

19 | Oscarsfilm.com and nightatoscars.com likewise convey a meaning unrelated
20 | to the Oscar mark.  Even though a domain name may not contain spaces or
21 | apostrophes, a reasonable consumer would naturally read an apostrophe into each of
22 | these domain names in order to make the person named Oscar possessive.  As a
23 | result, the only objective interpretation of the meaning of oscarsfilm.com is Oscar's
24 | film and of nightatoscars.com is Night at Oscar's.  Had these domain names
25 | included the article "the" before Oscar in the domain name, then it could have
26 | possibly modified Oscar from a proper name to AMPAS' Oscar mark.  The absence
27 | of this article, however, causes the meaning of these domain names to differ from
28 | AMPAS' mark.

5

The last three domain names also contain words where the plain meaning has the effect of differentiating the term Oscar from AMPAS' marks. Alloscar.com simply means that the domain name is "all Oscar". Had Oscar been made plural or "all" been replaced with the article "the," the meaning of the domain name could be confused with AMPAS' marks. However, alloscar.com does not create the possibility of such confusion. Oscarcap.com simarly means Oscar or Oscar's cap (*i.e.*, hat); twooscars.com means just that – there are "2 Oscars".

The reason why none of these domain names are similar in meaning with AMPAS' mark is simple – Oscar is a common personal name. Nothing about the word Oscar in isolation triggers a relationship to AMPAS' OSCAR mark. Unlike arbitrary or fanciful trademarks such as Pepsi or IBM, a consumer would require additional words in a domain name before they associate it with AMPAS' mark. Here, none of the additional words imbedded in the string of each domain name triggers such an association with AMPAS or its marks. Accordingly, the Court should dismiss all domains from this action.

## III. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE PURSUANT TO RULE 12(F) BECAUSE AMPAS FAILS TO ALLEGE AN ENTITLEMENT TO RESTITUTION UNDER THE UCL

### A. Standard

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). On a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader. *See State of Cal. v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981). However, in adjudicating a motion to strike, the court should consider that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money[, which] arise from litigating spurious issues by dispensing with those issues prior to trial . . . " *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983).

**B. AMPAS Has Failed To State Facts That Would Permit Restitution Under the UCL**

In the First Amended Complaint, AMPAS requests "an order requiring GoDaddy to make full restitution of all monies it has wrongfully obtained from Plaintiff . . . ." FAC, ¶¶ 64, 69. AMPAS, however, fails to allege that GoDaddy obtained any money or property *from* AMPAS so as to warrant restitution.

Restitution allows a plaintiff "to recover money or property in which he or she has a vested interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003). As this Court previously ruled in *AMPAS I*:

> At least one court has concluded that restitution was not available in a trademark suit in which the plaintiff alleged that the infringers "unjustly earned money from their customers by unlawfully using Plaintiff's marks" because the plaintiff did not allege it had a vested interest in the ill-gotten profits. *See Lee Myles Assoc. Corp. v. Paul Rubke Enters., Inc.*, 577 F. Supp. 2d 1134, 1144 (S.D. Cal. 2008). Nor is the loss of business good will alone enough to create an entitlement to restitution. *See Citizens for Humanity*, 171 Cal. App. 4th at 22.

RFJN, Exh. B at pp. 23-24. This Court went on to conclude that AMPAS had "not adequately plead an ownership or a vested interest in any of the fees collected by Defendants sufficient to support an unjust enrichment theory of recovery." *Id.* at p. 24. The First Amended Complaint in this action suffers from the same fatal defect.

The First Amended Complaint does not allege, nor can it, facts demonstrating that AMPAS is entitled to restitution from GoDaddy. In fact, while labeled as "restitution," AMPAS actual seeks to recover monies paid by others to GoDaddy as a result of GoDaddy's alleged wrongful conduct. *See* FAC ¶ 60 ("As a result of GoDaddy's 'unfair' conduct, Plaintiff has been deprived of its property,[1] had its property and goodwill diluted and diminished, suffered economic loss/financial loss, and was otherwise injured or damaged."). The recovery of such monies constitutes

[1] AMPAS makes this conclusory statement without alleging any specific property deprived. As such, the statement is not sufficient to trigger a right to restitution relief.

1 damages, which are not recoverable under the UCL.  *See, e.g.*, *Heighly v. J.C. Penny*
2 *Life Ins. Co.*, 257 F.Supp.2d 1241, 1259 (C.D. Cal. 2003) ("[M]onetary damages are
3 not recoverable under the UC[L]").  As such, Paragraphs 60, 64, 69, and all
4 references to restitution and pre-and post-judgment interest should be stricken.

5     In its opposition, AMPAS will likely argue that the Court previously rejected
6 GoDaddy's argument when it denied its motion to strike in *AMPAS I*.  While the
7 Court did reject this argument, the Court failed to address the lack of any factual
8 allegations that would support a claim for restitution under the UCL.  Instead, the
9 Court reasoned that because restitution was a recognized remedy under the UCL, its
10 inclusion was not "redundant, immaterial, impertinent, or scandalous."  RFJN, Exh.
11 B at 8:5-6.  The fact that a remedy may be cognizable under an asserted legal theory
12 is not determinative of whether the remedy should be stricken from a specific
13 pleading.  Rather, the remedy must be one that is available based both on the claim
14 asserted *and* the facts alleged.  Otherwise, inclusion of that remedy is immaterial,
15 impertinent, and will only result in the waste of substantial party and judicial
16 resources addressing that remedy during the course of this action.  *See, e.g.*, *Osei v.*
17 *Countrywide Home Loans*, 692 F.Supp.2d 1240,1255 (E.D. Cal. 2010) (granting
18 motion to strike improperly requested relief pursuant to UCL claim); *Corrarrubias*
19 *v. Allstate Ins. Co.*, 1998 WL 656571 at *2 (C.D. Cal. 1998) (same).

20     Here, AMPAS has not alleged any facts that would support restitution against
21 GoDaddy.  Without restitution, AMPAS has no right to recover pre- or post-
22 judgment interest pursuant to its UCL claim.  Accordingly, the Court should strike
23 all references to both from the First Amended Complaint.

24     **C.**    **<u>Attorneys' Fees Are Not Recoverable Under the UCL</u>**

25     It is well-established in California that a plaintiff may not recover attorneys'
26 fees under the UCL.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th
27 1134, 1148 ("[A]ttorney fees . . . are not available under the UCL . . . ."); *Cel-Tech*
28 *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 179

<div align="center">8</div>

("Prevailing plaintiffs . . . may not receive . . . attorney fees" under the UCL); *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1179 ("The unfair competition law does not provide for attorney fees."); *California Service Station Etc. Assn. v. Union Oil Co.*, 232 Cal.App.3d 44, 58 ("[T]he unfair competition statutes . . . do not authorize attorney fees.").

The courts in the Ninth Circuit are in accord.  *See Osei*, 692 F.Supp.2d at 1255 (granting motion to strike because "[a]ttorney fees are not recoverable under the UCL"); *Bea v. Southwest Airlines Co.*, 2005 WL 646074 at *5 (N.D. Cal. 2005) ("A plaintiff may not recover attorney's fees pursuant to California Business and Professions Code sections 17200 and 17203."); *Corrarrubias*, 1998 WL 656571 at *2 (striking portions of pleading regarding request for attorneys' fees under the UCL because "[a]ttorneys' fees are not recoverable on a claim for violation of California Business and Professions Code Section 17200").

Despite clear authority on this issue, AMPAS impermissibly requests attorneys' fees pursuant to its UCL claim.  *See* FAC Prayer for Relief ¶ (e)(4).  As the Central and Eastern Districts did in *Osei* and *Corrarrubias*, this Court should grant GoDaddy's motion and strike all references to its request for attorneys' fees under the UCL.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

1

2
**IV.    CONCLUSION**

3
     For all the foregoing reasons, GoDaddy respectfully requests that the Court

4
(1) dismiss the twelve domain names challenged herein pursuant to Federal Rule of

5
Civil Procedure 12(b)(6); and (2) strike AMPAS' requests for restitution, damages,

6
pre and post-judgment interest, and attorneys' fees under the UCL pursuant to

7
Federal Rule of Civil Procedure 12(f).

8

9
Dated:  January 27, 2014                          **WRENN BENDER LLLP**

10

11
                            By:  */s/ Aaron M. McKown*

12
                               Attorneys for Defendant
                               GODADDY.COM, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS
AND MOTION TO STRIKE

## CERTIFICATE OF SERVICE

Pursuant to L.R. 5-3, I hereby certify that on January 27, 2014, I electronically filed the foregoing document, **DEFENDANT GODADDY.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE**, with the Clerk of the Court by using the CM/ECF system and that the foregoing document is being served on all counsel of record identified below via transmission of Notice of Eletronic Filing generated by CM/ECF:

| | |
|---|---|
| Enoch H. Liang<br>James M. Lee<br>**Lee Tran & Liang APLC**<br>601 South Figueroa Street, Suite 3900<br>Los Angeles, CA 90017 | Attorneys for Plaintiff Academy of<br>Motion Picture Arts and Sciences<br>Phone:  213-612-3737<br>Fax:  213-612-3773<br>E-mail: jml@ltlcounsel.com;<br>ehl@ltlcounsel.com |
| Stuart Singer<br>**Boies, Schiller & Flexner LLP**<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301 | Phone:  954-356-0011<br>Fax:  954-356-0022<br>E-mail:  ssinger@bsfllp.com |
| David Michels, Esq.<br>David L. Zifkin, Esq.<br>**Boies, Schiller & Flexner LLP**<br>401 Wilshire Blvd., Suite 850<br>Santa Monica, CA  90401 | Phone:  310-752-2400<br>Fax:  310-752-2490<br>Email:  dzifkin@bsfllp.com;<br>dmichaels@bsfllp.com |
| Robert M. Foote<br>Kathleen Chavez<br>Matthew Herman<br>**Foote, Mielke, Chavez & O'Neil LLC**<br>10 West State Street, Suite 200<br>Geneva, IL 60134 | Phone:  630-232-6333<br>Fax:  630-845-8982<br>E-mail:  rmf@fmcolaw.com;<br>kchavez@fmcolaw.com;  and<br>mherman@fmcolaw.com |

Executed on January 27, 2014, at Irvine, California.

CARLIE PEISLEY

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614