BOIES, SCHILLER & FLEXNER LLP
  Stuart Singer (*pro hac vice*)
  David Nelson (*pro hac vice*)
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022
Email:  ssinger@bsfllp.com; dnelson@bsfllp.com

FOOTE MIELKE CHAVEZ & O'NEIL, LLC
  Robert M. Foote (*pro hac vice*)
  Kathleen Chavez (*pro hac vice*)
  Matthew Herman (*pro hac vice*)
10 West State Street, Suite 200
Geneva, IL 60134
Tel: 630-232-7450
Fax: 630-232-7452
Email:  rmf@fmcolaw.com; kcc@fmcolaw.com; mjh@fmcolaw.com

LEE, TRAN & LIANG LLP
  James M. Lee (CA Bar No. 192301)
  Enoch H. Liang (CA Bar No. 212324)
601 South Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: 213-612-8900
Fax: 213-612-3773
Email:  james.lee@ltlattorneys.com; enoch.liang@ltlattorneys.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>GODADDY.COM, INC., a Delaware corporation; GODADDY.COM, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No. CV13-08458-ABC (CW)<br><br>**PLAINTIFF ACADEMY OF MOTION PICTURE ARTS AND SCIENCES' OPPOSITION TO DEFENDANT GODADDY.COM, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>**Hearing**<br>Date:        February 24, 2014<br>Time:        10:00 a.m.<br>Location:   Courtroom 680 |

OPPOSITION TO MOTION TO DISMISS

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................... 1

II. BACKGROUND ........................................................................................ 2

    A. The Academy ................................................................................... 2

    B. GoDaddy And Its' Page Parking Program ...................................... 3

    C. The 2010 Lawsuit And GoDaddy's Similar, Unsuccessful Motions To Dismiss ...................................................................... 4

    D. The Instant Lawsuit And GoDaddy's Similarly Unpersuasive Motion To Dismiss And Strike ........................................................ 5

III. LEGAL STANDARD ................................................................................ 5

    A. Rule 12(b)(6) Standard .................................................................... 5

    B. Rule 12(f) Standard ......................................................................... 5

IV. DISCUSSION ............................................................................................. 6

    A. GoDaddy's 12(b)(6) Motion To Dismiss Should Be Denied. ........ 6

        1. The Domain Names' Similarity in Sight and Sound Meet the "Confusingly Similar" Standard. ................................ 6

        2. The Twelve Domain Names do not Contain "Proper Names" ................................................................................. 7

        3. The Domain Names are Similar in Sight, Sound, and Meaning to the Academy's Marks .................................... 8

    B. Defendants' Motion To Strike The Academy's Request For Restitution Should Be Denied. ...................................................... 11

        1. Plaintiff Asserts a Cognizable Claim for Restitution Under Section 17200 ...................................................... 11

        2. Attorney Fees are Available Under the UCL ................. 14

V. CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Academy of Motion Pictures Arts and Sciences v. Creative House Promotions*, 944 F.2d 1446 (9th Cir. 1991) ................................................. 3

*Buick v. World Savings Bank*,
565 F. Supp. 2d 1152 (E.D. Cal. 2008) ...................................................... 13

*Coca-Cola Co. v. Purdy*,
382 F.3d 774 (8th Cir. 2004) ....................................................................... 9

*Corrarrubias v. Allstate Ins. Co.*,
1998 WL 656571 (C.D. Cal. July 10,1998) ............................................... 13

*Ford Motor Co. v. Greatdomains.com, Inc.*,
177 F. Supp. 2d 635 (E.D. Mich. 2001) ................................................ 9, 10

*Harrods Ltd. v. Sixty Internet Domain Names*,
157 F. Supp. 2d 658 (E.D. Va. 2001) ..................................................... 8, 10

*In re 2TheMart.com. Inc. Sec. Lit*,
114 F. Supp. 2d 955 (C.D. Cal. 2000) .................................................. 6, 13

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ............................................................................. 13

*Mattel, Inc. v. Internet Dimensions*,
2000 WL 973745 (S.D.N.Y July 13, 2000) ........................................... 8, 10

*MGA Entertainment, Inc. v. Mattel, Inc.*,
2005 WL 5894689 (C.D. Cal. Aug. 26, 2005) ............................................ 12

*Omega S.A. v. Omega Eng'g, Inc.*,
228 F. Supp. 2d 112 (D. Conn. 2002) .......................................................... 8

*Osei v. Countrywide Home Loans*,
692 F. Supp. 2d 1240 (E.D. Cal. 2010) ...................................................... 12

*RDF Media Ltd. v. Fox Broadcasting Co.*,
372 F. Supp. 2d 556 (C.D. Cal. 2005) ......................................................... 6

*Sporty's Farm L.L.C. v. Sportsman's Market, Inc.*,
  202 F.3d 489 (2d Cir. 2000) .................................................................................. 8

*Super-Krete Intern., Inc. v. Sadler*,
  712 F. Supp. 2d 1023 (C.D. Cal. 2010) ........................................... 8, 10, 11

*Telesaurus VPC, LLC v. Power*,
  623 F.3d 998 (9th Cir. 2010) .................................................................................. 5

**Statutes**

Cal. Code. Civ. P. § 1021.5 ................................................................... 14, 15

Fed. R. Civ. P. 12(f) ................................................................................... 5, 13

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 5

## I. INTRODUCTION

This action brought in November 2013 ("GoDaddy II") against GoDaddy is, in substance, identical to the litigation filed in 2010 against GoDaddy, Case No. 2:10-cv-03738-ABC-CW ("GoDaddy I"). The only difference is that the Academy has added to this action the additional domain names identified *after* Sept. 14, 2011, which were excluded from the GoDaddy I litigation by Judge Collins on June 21, 2013 (GoDaddy I, Dkt No. 491). GoDaddy's Motion to Dismiss and Strike the claims brought in GoDaddy II raises two main arguments—both are misguided.

First, GoDaddy argues that the Court should dismiss twelve domain names because they are not confusingly similar to the Academy's Marks "as a matter of law." But, GoDaddy's Motion should be denied because Plaintiff's First Amended Complaint (FAC) alleges facts which, taken as true (as they must be, in a 12(b)(6) motion), are sufficient to show that the twelve domain names at issue *are* confusingly similar to the Academy's Marks. GoDaddy's argument that the domain names constitute "proper names" is clearly unfounded, as one could tell by a cursory glance at the domain names at issue (i.e., alloscar.com, oscarcap.com, oscar-o.com, oscar-o.info, oscar-w.com, nominatedbyoscar.com, nominatedbyoscar.net, nominatedbyoscar.org, oscarsfilm.com, twooscars.com, oscarmonline.com, and nightatoscars.com).

Further, GoDaddy's arguments that the addition of minor or generic words, or the removal of punctuation, is sufficient to render the domain names dissimilar in sight, sound, or meaning to the Academy's Marks is in direct contradiction to well-settled authority on the issue. Again, even a cursory glance at the domain names next to the Academy's Marks shows that they are *substantially* similar in sight, sound *and* meaning.

<u>Second</u>, GoDaddy urges the Court to strike Plaintiff's restitution claims, arguing that Plaintiff failed to properly plead these claims in the FAC. However, as this Court has made clear in ruling on GoDaddy's previous *two* motions to dismiss, "the removal of inadequately pled material is not a proper purpose for a motion to strike." Defendants' Request for Judicial Notice, Dkt. No. 28 ("Defs' RFJN"), Exh. B at 7:24-25. Moreover, Plaintiff *has* asserted a cognizable claim for restitution under Section 17200 and, because restitution is an available remedy under the legal theories asserted in the FAC, Plaintiff's claims cannot be considered "redundant, immaterial, impertinent, or scandalous" and thus cannot be stricken.

Based on the foregoing arguments, set out more thoroughly below, GoDaddy's Motion to Dismiss and Strike the FAC in GoDaddy II should be denied in its entirety.

## II.  BACKGROUND

### A.  The Academy

The Academy ("Plaintiff" or "Academy") is a non-profit organization that promotes the motion picture arts and sciences by recognizing cultural, educational, and technological achievements. *See* First Amended Complaint ("FAC") (Dkt. No. 20) at ¶ 8. Each year, the Academy hosts a nationally televised program during which it presents the Academy Awards (more commonly known to the public as the Oscars) as a means of recognizing persons who make outstanding contributions in their creative fields. *Id*. The Academy owns several marks related to its mission and to the Oscars. *See id*. at ¶¶ 9–11. The Academy's longstanding leadership in the film industry, combined with extensive advertising and media attention, has resulted in its marks achieving widespread and favorable public acceptance and

recognition.  *See id.* at ¶ 13.  Accordingly, the marks have become assets of substantial value.  *See id.*  As the Ninth Circuit has explained, "the [OSCAR] mark should be given the strongest possible protection against infringement."  *Academy of Motion Pictures Arts and Sciences v. Creative House Promotions*, 944 F.2d 1446, 1455 (9th Cir. 1991).

### B.   GoDaddy And Its Page Parking Program

Defendants GoDaddy.com, Inc., and GoDaddy.com, LLC (collectively, "GoDaddy" or "Defendants") offer a "parking" service by which they register website domain names which are provided to customers in exchange for a cut of the revenue received from advertisements posted on the sites.  FAC at ¶¶ 23–39.  Defendants have accumulated a litany of website domain names that unlawfully use the Academy's mark, such as:

- www.nominatedbyoscar.com,
- www.alloscar.com,
- www.oscarsfilm.com,
- www.nightatoscars.com,
- www.oscarwinners2012.com,
- www.oscarhosts.com,
- www.oscarlive2013, and
- www.2011theoscars.com.

*See id.* at ¶ 35-36.

Rather than sit by idly while its marks are abused in this way, the Academy has undertaken efforts – culminating in this litigation – to stop Defendants' conduct.  For instance, the Academy has retained counsel to identify infringing websites and to send Defendants cease-and-desist letters.  *See id.* at ¶¶ 32, 35-36.  Unfortunately, despite sending dozens of letters, Defendants continued to misuse the Academy's marks, thus making this lawsuit necessary.  *See id.* at ¶ 35.

### C. The GoDaddy I Lawsuit And GoDaddy's Similar, Unsuccessful Motions to Dismiss

The Academy filed its first lawsuit against GoDaddy on May 18, 2010, asserting claims under the ACPA and UCL ("GoDaddy I"). Plaintiff's Request for Judicial Notice ("Plf's RFJN"), Exh. A. On July 14, 2010, Defendants moved to dismiss the Academy's complaint. Plf's RFJN, Exh. B. This Court, *inter alia*, denied the First Motion to Dismiss with respect to the Academy's claim under the ACPA, but granted the Motion with respect to the Academy's UCL claim. Plf's RFJN, Exh. C. The Court concluded that the Academy had stated a UCL claim for conduct that was both "unlawful" and "unfair." *See id*. at 21–22. Nonetheless, the Court found that the Academy's UCL claims would be dismissed for lack of standing because the Academy had not alleged that Defendants' unlawful and unfair conduct caused the Academy economic loss. *Id.* at 21. However, "because the defect could be remedied, the Court . . . grant[ed] the Academy leave to amend to attempt to satisfy its burden to plead that it 'lost money or property' sufficient to satisfy the UCL standing requirement." *Id*.

On August 24, 2010, the Academy filed its FAC in GoDaddy I, which cured the defect identified in the Court's Order. Plf's RFJN, Exh. D.

GoDaddy then brought a *second* motion to dismiss or strike on November 6, 2010, arguing for dismissal on the grounds that AMPAS' FAC failed to plead facts sufficient to maintain a UCL claim and arguing that the motion be stricken based on the grounds that AMPAS failed to allege an entitlement to restitution under the UCL. Plf's RFJN, Exh. E. Similar to this Motion, GoDaddy urged this Court to strike AMPAS' prayer for restitution, arguing that it was insufficiently plead. *Id*. at 9-10.

This Court denied GoDaddy's Motion in its entirety. Def's RFJN, Exh. B. Notably, in ruling against GoDaddy on the issue of restitution, this

Court stated "The removal of inadequately pled material is **not a proper purpose** for a motion to strike." (emphasis added). *Id*. at 7. The Court further stated "Plaintiff's prayer for restitution cannot be considered "redundant, immaterial, impertinent, or scandalous matter." *Id*. at 8.

### D. The Instant Lawsuit And GoDaddy's Similarly Unpersuasive Motion to Dismiss And Strike

Plaintiff filed the instant lawsuit on November 15, 2013, Complaint (Dkt. No. 1), followed by its First Amended Complaint on December 17, 2013 ("GoDaddy II"). *See* FAC.

GoDaddy now files its motion to dismiss and motion to strike Plaintiff's FAC, based on substantially similar arguments to those this Court overruled in GoDaddy's first *two* Motions to Dismiss. *See* Defendants' Motion to Dismiss, Dkt. No. 27("Motion" or "MTD").

### III. LEGAL STANDARD

Defendants bring their motion under Federal Rules of Civil Procedure 12(b)(6) and 12(f).

#### A. Rule 12(b)(6) Standard

"'To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

#### B. Rule 12(f) Standard

Meanwhile, a motion to strike under Rule 12(f) should be granted only if the pleading contains an "insufficient defense or any redundant,

1  immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule
2  12(f) motions are generally disfavored, and will be granted only if it is clear
3  that the matter will have no bearing on the controversy before the Court."
4  *RDF Media Ltd. v. Fox Broadcasting Co.,* 372 F. Supp. 2d 556, 566 (C.D.
5  Cal. 2005) (internal quotation marks omitted). Moreover, a court must deny
6  the motion to strike if any doubt exists whether the allegations in the
7  pleadings might be relevant in the action. *In re 2TheMart.com. Inc. Sec.*
8  *Lit*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## IV. DISCUSSION

**A. GoDaddy's 12(b)(6) Motion to Dismiss Should Be Denied.**

GoDaddy's Motion should be denied because Plaintiff's First Amended Complaint alleges facts which, taken as true (as they must be, in a 12(b)(6) motion), are sufficient to show that the twelve domain names at issue *are* confusingly similar to the Academy's Marks.

### 1. The Domain Names' Similarity in Sight And Sound Meet the "Confusingly Similar" Standard.

Because the overwhelming majority of case law on this issue is contrary to GoDaddy's position, GoDaddy takes to intentionally mis-quoting authority to make that authority fit its arguments.

For example, on Page 2 of its Motion, GoDaddy offers the following quotation from Exhibit A of its RFJN, quoting J. Thomas McCarthy: "In the cybersquatting context, 'confusing similarity' must simply mean that the plaintiff's mark and the defendant's domain name are so similar in sight, sound **and** meaning . . . ." MTD at 2. This is blatantly inaccurate. The correct quotation reads as follows: "In the cybersquatting context, 'confusing similarity' must simply mean that the plaintiff's mark and the defendant's domain name are so similar in sight, sound **or** meaning . . . ."

Defs' RFJN, Exh. A at 19:17-19.  The distinction is critical, as "and" would require the domain names to share a similar meaning regardless of sight and sound, while "or" would find confusing similarity where only sight and sound were similar, regardless of meaning.  That the distinction is critical was obviously not lost on GoDaddy.

In any event, even if the Court does consider meaning in its determination of whether the domain names are confusingly similar to the Academy's Marks, it will do so "to a more limited extent" than with sight or sound.  *See* Defs' RFJN, Exh. A at 22:16-20.  Further, it will consider meaning only where it "can be ascertained without regard to the parties' actual goods or services."  *Id*. at 22:11-15.  Thus, where the domain names are confusingly similar only in sight or sound to the Academy's Marks, this will suffice to establish confusing similarity, regardless of their meaning.

### 2. The Twelve Domain Names Do Not Contain "Proper Names"

GoDaddy first argues that that all twelve of the domain names at issue contain "proper names" and are therefore not confusingly similar to the Academy's Marks.  GoDaddy bases this argument on the Court's June 21, 2013 Order, wherein the Court stated "Nevertheless, a domain name that is ***clearly*** a person's ***proper name*** is not confusingly similar to the Academy's marks.  For example, on its face, the domain name 'oscarramirez.com' is significantly different from the Academy's OSCAR marks because it includes ***not only*** the letters 'oscar,' but also the ***clearly recognizable last name***, 'ramirez.'" Defs' RFJN, Exh. A at 23:27-28; 24:1-4 (emphasis added).

Not a single one of the twelve domain names at issue meet the Court's standard of a "proper name."  GoDaddy is moving to dismiss the

-7-

following domain names: alloscar.com, oscarcap.com, oscar-o.com, oscar-o.info, oscar-w.com, nominatedbyoscar.com, nominatedbyoscar.net, nominatedbyoscar.org, oscarsfilm.com, twooscars.com, oscarmonline.com, and nightatoscars.com. Of the twelve disputed domain names, not a single one consists of the letters "oscar" followed by a "clearly recognizable last name." Thus, none of these domain names meets the standard for a "proper name" that this Court set out in its June 21, 2013 Order, which GoDaddy bases its argument on. *See* Defs' RFJN, Exh. A at 23:27-28; 24:1-4. GoDaddy's argument should be dismissed.

### 3. The Domain Names Are Similar in Sight, Sound, or Meaning to the Academy's Marks

"Slight differences between domain names and registered marks, such as the ***addition of minor or generic words*** to the disputed domain names are irrelevant." *See* Defs' RFJN, Exh. A at 20:1-4 (quoting *Omega S.A. v. Omega Eng'g, Inc.*, 228 F. Supp. 2d 112, 127 (D. Conn. 2002)). "Similarly, the ***addition or removal of punctuation*** do not render a domain name dissimilar from a mark. *See id.* at 20:4-6 (quoting *Super-Krete Intern., Inc. v. Sadler*, 712 F. Supp. 2d 1023, 1032 (C.D. Cal. 2010)); *see also*:

- *Sporty's Farm L.L.C. v. Sportsman's Market, Inc.*, 202 F.3d 489, 498 (2d Cir. 2000) (holding that "sportys.com" is confusingly similar to "sporty's" under the ACPA);
- *Mattel, Inc. v. Internet Dimensions*, 2000 WL 973745, at *3 (S.D.N.Y July 13, 2000) (holding the domain name 'barbiesplaypen' confusingly similar to the Barbie mark, as both are inextricably associated with the term 'play');
- *Harrods Ltd. v. Sixty Internet Domain Names*, 157 F. Supp. 2d 658, 677-78 (E.D. Va. 2001) (holding domain names "harrodsbank,"

1   "harrodsstore," and "harrodsshopping" are confusingly similar to
2   the "Harrods" mark because they bore a visual resemblance);

- *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 635, 641 (E.D. Mich. 2001) (holding that the allegation that "4fordparts.com" and "4fordtrucks.com" are confusingly similar to the "Ford" mark was sufficient to overcome Rule 12(b)(6) motion to dismiss); and

- *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 784 (8th Cir. 2004) (holding that domain names "my-washingtonpost," "mymcdonalds," and "drinkcoke" with various top-level domain suffixes are confusingly similar to the "Washington Post," "McDonald's," and "Coke" marks).

Notably, GoDaddy relies exclusively on these very differences, the addition of minor or generic words and the removal of punctuation, to support its argument that the domain names are not confusingly similar in sight, sound or meaning to the Academy's Marks.

GoDaddy claims the following domain names are not similar in sight sound, or meaning to the Academy's Marks, based on the addition of minor or generic words.

| Trademark | Domain Name | Minor or Generic Addition | Similar Case |
|---|---|---|---|
| OSCAR | ALLOSCAR.com | "all" | See *Harrods*; *Super-Krete* |
| OSCAR | NIGHTATOSCARS.com | "night at"; no apostrophe | See *Harrods*; *Super-Krete*; *Mattel* |
| OSCAR | NOMINATEDBYOSCAR.com | "nominated by" | See *Harrods*; *Super-Krete*: *Mattel* |
| OSCAR | NOMINATEDBYOSCAR.net | "nominated | See *Harrods*; |

-9-

OPPOSITION TO MOTION TO DISMISS

| Trademark | Domain Name | Minor or Generic Addition | Similar Case |
|---|---|---|---|
| | | by" | *Super-Krete: Mattel* |
| OSCAR | NOMINATEDBYOSCAR.org | "nominated by" | See *Harrods*; *Super-Krete: Mattel* |
| OSCAR | OSCARCAP.com | "cap" | See *Harrods*; *Super-Krete* |
| OSCAR | OSCARMONLINE.com | "m" and "online" | See *Harrods*; *Super-Krete* |
| OSCAR | OSCARSFILM.com | "film"; no apostrophe | See *Harrods*; *Super-Krete: Mattel* |
| OSCAR | TWOOSCARS.com | "two" | See *Ford* |
| OSCAR | OSCAR-O.com | "-o" | See *Super-Krete; Harrods; Ford* |
| OSCAR | OSCAR-O.info | "-o" | See *Super-Krete; Harrods; Ford* |
| OSCAR | OSCAR-W.com | "-w" | See *Super-Krete: Harrods; Ford* |

As was the case in *Harrods, Super-Krete, Ford*, and *Mattel*, the foregoing domain names add only minor or generic terms to the registered mark. These additions are irrelevant and do nothing to change the indisputable fact that the domain names bear a visual and audible resemblance to the Academy's Marks, as well as hold a similar meaning.

In addition, as in *Mattel*, the domain names "nightatoscars.com, nominatedbyoscars.com, nominatedbyoscars.net, nominatedbyoscars.org, and oscarsfilm.com, incorporate terms that are broadly associated with the Academy and its famous Marks. Thus, if anything the addition of these

-10-

terms actually *substantiates* the similarity between the domain name and the mark, rather than contrasting it, as GoDaddy argues.

As to the domain names "oscarsfilm.com," "nightatoscars.com," and "oscarcap," GoDaddy argues that a reasonable consumer would read an apostrophe into these domain names in order to make the term possessive. However, as noted above, the addition or removal of punctuation do not render a domain name dissimilar from a mark. *See Super-Krete Intern., Inc.*, 712 F. Supp. 2d at 1032. Overall, these domain names are still similar in sight sound and meaning to the Academy's marks.

The twelve domain names at issue here are clearly similar in sight and sound to the Academy's marks, based on well-established federal case law. This is enough, on its own, to find the domain names confusingly similar to the Academy's Marks. While this Court has noted that the meaning associated with a domain name *may* be considered, if it is considered at all it will be to a more limited extent than sight or sound. Here, to the extent the meaning of the domain names is considered, the similarity becomes even more, not less, clear. These domain names incorporate terms that are broadly associated with the Academy's Marks, such as "film", "nominated" and "night at." Thus, Plaintiff's Complaint has set forth sufficient factual allegations to allow this Court to draw the reasonable inference that the domain names at issue are confusingly similar to the Academy's Marks, and GoDaddy's 12(b)(6) motion to dismiss should be denied in its entirety.

**B. Defendants' Motion To Strike The Academy's Request For Restitution Should Be Denied.**

    **1.**    <u>**Plaintiff Asserts a Cognizable Claim for Restitution Under Section 17200**</u>

As part of the prayer for relief contained in the FAC, which is nearly identical to the Complaint in GoDaddy I, the Academy requests, *inter alia*, "full restitution of all monies wrongfully obtained from Plaintiff . . . ." FAC ¶¶ 64-69. Defendants move to strike this request, arguing that restitution is not available under the Academy's UCL claim. MTD at 6-9.

GoDaddy's Motion is improper. As the Court noted in its *two* previous orders denying Defendants' Motions to Dismiss on this same issue, "restitution is beside the point at this stage" (Plf's RFJN, Exh. C at 21); "[t]he removal of inadequately pled material is **not a proper purpose** for a motion to strike" (Defs' RFJN, Exh. B at 7:24-25); and "Plaintiff's prayer for restitution cannot be considered "redundant, immaterial, impertinent, or scandalous matter" (*id.* at 8:3-4). Whether the Academy is entitled to restitution on its UCL claims is a question of remedy more properly addressed after the merits of the Academy's complaint have been resolved. *See MGA Entertainment, Inc. v. Mattel, Inc.*, 2005 WL 5894689, at *9 (C.D. Cal. Aug. 26, 2005) ("Here, MGA's UCL claim survives, and it is too early in these proceedings to determine definitively whether MGA might be entitled to restitution and disgorgement based upon its UCL–related allegations. Accordingly, the court denies Mattel's motion to strike MGA's request for restitution and disgorgement.").

GoDaddy ignores this Court's prior rulings and brings *another* motion to strike material it alleges is improperly plead, the very thing this Court has already stated it will not do. Defs' RFJN, Exh. B at 7:24-25, 8:1-3. GoDaddy argues that the remedy pleaded in a complaint must be one that is available based on both the claim asserted and the facts alleged. However, both of the cases GoDaddy cites in support of this argument granted motions to strike based on the fact that the relief requested was *unavailable* under the asserted legal theories.

1    For example, in *Osei v. Countrywide Home Loans*, 692 F. Supp. 2d
2    1240, 1255 (E.D. Cal. 2010), the Court granted the defendant's motion to
3    strike as to attorney fees, stating, "At this point, the *only* fees that the court is
4    prepared to say are not recoverable as a matter of law are plaintiff's specific
5    request for attorney fees under the UCL . . . Attorney fees are not
6    recoverable under the UCL." (internal quotations omitted) (emphasis added).
7    In *Corrarrubias v. Allstate Ins. Co.*, 1998 WL 656571 (C.D. Cal. July 10,
8    1998), the court granted the defendant's motion to strike triple punitive
9    damages because they did "not apply to claims for common law bad faith."
10   The Court also struck the plaintiff's request for emotional distress damages
11   because they "are not recoverable as an element of damages for fraud."
12   GoDaddy's Motion is distinguishable. Unlike the motions in the
13   foregoing cases, GoDaddy's Motion seeks to strike a remedy that *is*
14   available under the legal theories asserted in the FAC. *See Buick v. World*
15   *Savings Bank*, 565 F. Supp. 2d 1152, 1157 (E.D. Cal. 2008) (restitution is a
16   proper remedy for violations of California's UCL); *Korea Supply Co. v.*
17   *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003) (actual direct victims
18   of unfair competition may obtain restitution). Here, by pleading facts
19   sufficient to show a plausible cause of action under Section 17200, Plaintiff
20   has asserted a cognizable claim for restitution under Section 17200. Thus,
21   Plaintiff's request for restitution cannot be considered "redundant,
22   immaterial, impertinent, or scandalous" under Fed. R. Civ. P. 12(f) and
23   cannot meet the high standard required to strike pleadings. Because doubt
24   clearly exists as to whether the allegations of restitution in the pleadings
25   might be relevant in the action, GoDaddy's Motion to Strike must be denied.
26   *See In re 2TheMart.com. Inc. Sec. Lit*, 114 F. Supp. 2d at 965.
27   Whether the Academy is entitled to restitution is a question properly
28   left for trial. Because Plaintiff has asserted a cognizable claim for restitution

1  under Section 17200, GoDaddy's Motion to Strike is improper and must be
2  denied.

### 2. Attorney Fees are Available Under the UCL

While Section 17200 does not expressly provide for attorneys' fees, under California Code of Civil Procedure § 1021.5, a court may award attorneys' fees to a successful plaintiff in any action which has resulted in the enforcement of an important right affecting the public interest if: "(a) a significant benefit . . . has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, . . . ." Cal. Code. Civ. P. § 1021.5.

The instant action, if successful, will certainly result in the enforcement of an important right affect the public interest. GoDaddy purports to be the world's leading ICANN-accredited domain name registrar for .COM, .NET, .ORG, .INFO, .BIZ and .US domain extensions, with ***over 40 million*** domain names under its management – "more names than any other registrar." FAC ¶ 15. Further, GoDaddy and its affiliates offer their services in interstate commerce (*id.* at ¶ 17), affecting people all over the United States. In turn, GoDaddy is harming trademark holders nationwide by monetizing domains utilizing their marks. *Id*. at ¶ 28. If Plaintiff is successful, this action will establish enforceable trademark rights of trademark owners nationwide as it related to GoDaddy's parked page programs.

Moreover, the necessity and financial burden of private enforcement of trademark rights are such as to make the attorneys' fees award appropriate. Specifically, the Academy, and all other trademark users, are required to sacrifice substantial time and resources to police the Internet

1  for infringing pages parked with GoDaddy, and to expend significant legal
2  fees to enforce their trademark rights against GoDaddy.
3      Based on the foregoing, an award of attorneys' fees is warranted if
4  this action is successful, under Cal. Code Civ. P. § 1021.5.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss and Motion to Strike should be denied in its entirety.

DATED: Feburary 3, 2013    LEE TRAN & LIANG LLP

By: /s/   Enoch H. Liang
Enoch H. Liang
James M. Lee

BOIES, SCHILLER & FLEXNER, LLP
Stuart Singer (*pro hac vice*)
David Nelson (*pro hac vice*)

FOOTE, MEYERS, MIELKE FLOWERS LLC
Robert M. Foote (*pro hac vice*)
Kathleen Chavez (*pro hac vice*)
Matthew Herman (*pro hac vice*)

Attorneys for Plaintiff
ACADEMY OF MOTION PICTURE ARTS AND SCIENCES