UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-8458 ABC (CWx) | Date | February 13, 2014 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts & Sciences v. GoDaddy.com, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**  ORDER **GRANTING IN PART** AND **DENYING IN PART** MOTION TO DISMISS AND TO STRIKE    (In Chambers)

    Pending before the Court is Defendant GoDaddy, Inc.'s ("GoDaddy") Motion to Dismiss and Motion to Strike ("Motion," docket no. 27).  Plaintiff the Academy of Motion Pictures Arts And Sciences ("Academy") filed an Opposition and GoDaddy filed a Reply.  The Court finds the Motion appropriate for resolution without oral argument and therefore **VACATES** the hearing set for February 24, 2014.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the following reasons, the Court **GRANTS** in part and **DENIES** in part the Motion.

## I.  BACKGROUND

    This is the second of two cases that the Academy has filed alleging that GoDaddy has used or trafficked in domain names confusingly similar to the Academy's trademarks OSCAR, OSCARS, OSCAR NIGHT, ACADEMY AWARD, and ACADEMY AWARDS, with a bad faith intent to profit from those marks.  Based on these allegations, the Academy asserts claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL").  As the parties' briefing recognizes, some of the issues relevant to this Motion have already been addressed in orders issued in the first case, Academy of Motion Picture Arts & Sciences v. GoDaddy.com, Inc., et al., case no. CV-10-3738 ABC (CWx), which was filed more than three years earlier.  The parties note the relevant orders in their Requests for Judicial Notice, which the Court hereby GRANTS.  See GoDaddy's RJN exhs. A, B; Academy's RJN Exh. C.  These orders are docket nos. 51, 68, and 491, case no. CV-10-3738 ABC (CWx).  The Court will refer to these Orders by docket number.  The Court incorporates them herein by reference.

    GoDaddy moves the Court to dismiss twelve of 107 domain names that the Academy identifies in its First Amended Complaint ("FAC"), and moves under Fed. R. Civ. P. 12(f) to strike certain portions of the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8458 ABC (CWx) | Date | February 13, 2014 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts & Sciences v. GoDaddy.com, Inc., et al. | | |

## II.  DISCUSSION

**A.  GoDaddy's Motion to Dismiss Twelve Domain Names is GRANTED in part and DENIED in part.**

The twelve domain names that GoDaddy moves to dismiss are: oscar-o.com, oscar-o.info, oscar-w.com, alloscar.com, oscarcap.com, nominatedbyoscar.com, nominatedbyoscar.net, nominatatedbyoscar.org, oscarsfilm.com, twooscars.com, nightatoscars.com, and oscarmonline. GoDaddy argues that, in light of the Court's discussion of ACPA's "confusingly similar" standard in Order 491, none of these twelve domain names is confusingly similar to the Academy's OSCAR marks as a matter of law.   GoDaddy proffers two bases for this argument.

First, GoDaddy contends that each of these domain names is clearly a person's proper name, a category of domain names that Order 491 found could not be confusingly similar to the Academy's OSCAR marks.  See Order 491 (Defs' RJN A 23:27-28) ("a domain name that is clearly a person's proper name is not confusingly similar to the Academy's marks.").  Having reviewed each of the twelve domain names, the Court cannot find that any of them "is clearly a person's proper name."  The example the Court cited in Order 491 is "oscarramirez.com," which the Court described as "on its face . . . significantly different from the Academy's OSCAR marks because it includes not only the letters 'oscar,' but also the clearly recognizable last name, 'ramirez.'  Notably, 'ramirez' is not a mere generic term appended to the Academy's mark, so 'oscarramirez.com' is not analogous to, for example, 'my-washingtonpost.com.'" Order 491 23:1-6.  None of the twelve domain names on which GoDaddy now moves is analogous to oscarramirez.com in that none of them consists of the letters "oscar" and a clearly recognizable last name.  Although oscar-o.com, oscar-o.info, and oscar-w.com come the closest to this formula in that they consist of the letters "oscar" and one other single letter, it is not clear what effect that single letter has on whether the entire domain name is "confusingly similar."  GoDaddy argues that these letters are the first letters of a last name, but that is not self-evident and is merely an argument.  In short, the Court cannot conclude that the twelve domain names are indisputably derived from a person's proper name and therefore not confusingly similar as a matter of law.

Second, GoGaddy contends that nine of the twelve domain names contain additional letters (besides "oscar") that render them dissimilar in sight, sound, and/or meaning to the Academy's OSCAR marks.  The nine domain names that GoDaddy applies this argument to are:  alloscar.com, oscarcap.com, nominatedbyoscar.com, nominatedbyoscar.net, nominatatedbyoscar.org, oscarsfilm.com, twooscars.com, nightatoscars.com, and oscarmonline.  Of these nine domain names, only oscarcap.com and oscarmonline.com are sufficiently dissimilar from the OSCAR marks that they are not "confusingly similar" as a matter of law.  Both oscarcap.com and oscarmonline.com include additional words or letters than render the "oscar" portion of the domain name relatively difficult to parse from the entire name.  As a result, these domain names cannot be sufficiently suggestive of the OSCAR marks in sight, sound, or meaning to be "confusingly similar."  The Court therefore finds that oscarcap.com and oscarmonline.com are, as a matter of law, not "confusingly similar" to the Academy's OSCAR marks, and **GRANTS** GoDaddy's Motion to Dismiss as to these names.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8458 ABC (CWx) | Date | February 13, 2014 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts & Sciences v. GoDaddy.com, Inc., et al. | | |

**B.     GoDaddy's Motion to Strike is DENIED.**

GoDaddy also moves to strike portions of the FAC seeking restitution and attorneys' fees under Cal. Bus. & Prof. Code § 17200 *et seq.*.  See FAC ¶¶ 64, 69 (seeking "an order requiring GoDaddy to make full restitution of all monies it has wrongfully obtained from Plaintiff, along with all other relief allowable under Cal. Bus. & Prof. Code § 17200 et seq."); FAC Prayer for Relief ¶ e(4) (seeking attorneys' fees).  Fed. R. Civ. P. 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  GoDaddy contends that the Academy's plea for restitution should be stricken because the Academy has not pled facts supporting that remedy, and that its plea for attorneys' fees should be stricken because § 17200 does not provide for the recovery of attorneys' fees.

The Court **DENIES** the motion to strike the Academy's prayer for restitution for the reason it did so in Order 68.  GoDaddy seeks to strike this aspect of the FAC on the ground that it is inadequately pled.  Although different courts evidently have somewhat different views of motions to strike on that basis, this Court does not consider that an appropriate basis for a motion to strike.

The Court **DENIES** the motion to strike the Academy's request for attorney's fees under § 17200.  As the Academy recognizes, § 17200 does not provide for the recovery of attorneys' fees.  See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999) (noting that § 17200 does not provide for the recovery of attorneys' fees).  In its Opposition, the Academy argues that attorneys' fees may be recoverable under Cal. Code Civ. P. § 1021.5, which provides that, "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if" three conditions are met.  Cal. Code Civ. Proc. § 1021.5.  GoDaddy faults the Academy for not pleading this statute in its FAC.  However, California courts have characterized a request for attorneys' fees under § 1021.5 not as a claim that must be expressly  pled in a complaint, but rather as an incident to the existing claims and that it need not be pled at all.  See Snatchko v. Westfield LLC, 187 Cal. App. 4th 469, 497, 114 Cal. Rptr. 3d 368, 391 (2010) ("'There is no requirement that the intent to seek attorney fees under section 1021.5 must be pleaded in the underlying action . . . . Such fees are not part of the underlying cause of action, but are incidents to the cause and are properly awarded after entry of a . . .judgment[.]'  As there was no requirement they be pled at all, the trial court erred in striking [plaintiff's] prayer for attorney fees based on a failure to adequately plead their basis. . .") (citations omitted).  As such, the Court will not strike the Academy's request for attorneys' fees on the ground that the FAC does not identify § 1021.5 as the code provision that authorizes the requested fee award.  The Court therefore **DENIES** the Motion to strike the Academy's request for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8458 ABC (CWx) | Date | February 13, 2014 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts & Sciences v. GoDaddy.com, Inc., et al. | | |

### III. CONCLUSION

For the foregoing reasons, the Court finds that the domain names oscarcap.com and oscarmonline are, as a matter of law, not "confusingly similar" to the Academy's trademarks, and **GRANTS** GoDaddy's Motion to Dismiss them from the action.

The Court otherwise **DENIES** the Motion.

**IT IS SO ORDERED.**

                                                                    Initials of Preparer    AB